UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHARON NICHOLS                                          PLAINTIFF/COUNTER DEFENDANT

v.                                  No. 5:19-cv-05048

HOME POINT FINANCIAL CORP.                 DEFENDANT/COUNTER  CLAIMANT/
                                                              THIRD-PARTY PLAINTIFF

v.

TAMRA HIXON, et al.                                        THIRD-PARTY DEFENDANTS

## OPINION AND ORDER

This case arises out of a mortgage dispute between Dallas and Sharon Nichols and Home

Point Financial Corp. ("Home Point").  The procedural posture in this case is unconventional and

the Court will outline the relevant facts below, but for now will note the Nicholses defaulted on

their mortgage and Home Point now seeks judicial foreclosure of the property.  Home Point filed

what is essentially a joint motion (Doc. 28) for default judgment against Third-Party Defendants

Tamra Hixon, Dallas Nichols, and the State of Arkansas Office of Child Support Enforcement.

The motion is joint because Home Point, Sharon Nichols, and Separate Third-Party Defendant the

State of Arkansas, Department of Finance and Administration (of which the Office of Child

Support Enforcement is an arm) agreed to and submitted by email a consent order for the Court's

consideration.  Having reviewed the record in full and made additional factual findings as is

required before entering a default judgment, the Court will GRANT the motion in part.

1.      On July 22, 2016, Sharon Nichols and her ex-husband, Dallas Nichols, purchased

the following tract of real property from RC Quarry Trace, LLC:

> Lot 73A, Quarry Trace Addition, Phase II, to the City of Fayetteville, as per plat
> filed for record in the Office of the Circuit Clerk and Ex-Officio Recorder for
> Washington County, Arkansas.

This property is more commonly known as 1198 S. Spritz Drive, Fayetteville, AR, 72701 (the "Property").  In accordance with Arkansas law, the warranty deed was acknowledged and filed with the Circuit Clerk and Ex-Officio Recorder for Washington County, Arkansas on July 25, 2016 as Instrument Number 2016-00021070.  (Doc. 13, pp. 8-10).  In connection with this purchase, Dallas Nichols executed a promissory note (the "Note") in favor of Priority Bank, FSB in the principal amount of $137,273.00.  (Doc. 13, pp. 11-13).  Sharon Nichols did not sign the Note.

2.      To secure this payment, Dallas and Sharon Nichols executed a mortgage (the "Mortgage") on the Property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Priority Bank, FSB.  (Doc. 13, pp. 14-29).  The Mortgage was acknowledged and filed with the Circuit Clerk and Ex-Officio Recorder for Washington County, Arkansas on July 25, 2016 as Instrument Number 2016-00021071. (*Id.*).  The Mortgage includes a waiver of all rights of redemption.  In the event of a default, the Mortgage allows the lender to declare the entire unpaid balance of the debt, plus interest, to be immediately due and payable.

3.      The Note required monthly payments of $626.04 to be paid on the first day of each month.  The Nicholses failed to make scheduled payments due on or about June 1, 2018, and thereafter.  Based on the facts in the record, Sharon and Dallas Nichols are in default under the terms of the Mortgage.

4.      On July 31, 2018, MERS assigned all interest in the Mortgage and Note to Home Point. (Doc. 13, p. 30).  Home Point exercised its rights under the Mortgage to declare the entire unpaid balance of the debt due.  Home Point is owed the principal sum of $132,697.76, plus interest, and reasonable attorney's fees, title expenses, late charges, and costs as provided under the Mortgage.  As a result, Home Point initiated a statutory foreclosure and a sale was scheduled for February 26, 2019.

5.      On February 20, 2019, prior to the scheduled foreclosure sale, Sharon Nichols initiated this action in Washington County Circuit Court, Case No. 72CV-19-372, seeking an injunction enjoining the statutory foreclosure, alleging that Home Point failed to comply with the statutory foreclosure process under Arkansas law.  The complaint further demanded that the Circuit Court order Home Point to allow Sharon to cure the outstanding default pursuant to Ark. Code Ann. § 18-50-114.  Specifically, Sharon alleged that she "attempted on several occasions to work with [Home Point] to assume payments, but ha[d] been rebuffed and told that she was not able to make payments" because she had not signed the Note.  (Doc. 3, p. 2, ¶ 6).  On February 25, 2019, the Circuit Court of Washington County entered a temporary restraining order enjoining the foreclosure sale.

6.      Based on the parties' representations to this Court, shortly after the Circuit Court's injunction, the parties attempted settlement via private sale.

7.      When those efforts proved unsuccessful, Home Point removed the case to this Court and filed a counterclaim for foreclosure against Sharon Nichols and a third-party complaint for foreclosure against Tamra Hixon, Dallas Nichols, the State of Arkansas, Office of Child Support Enforcement, and the State of Arkansas, Department of Finance and Administration.

8.      Home Point properly served all third-party defendants with the third-party complaint, but only the State of Arkansas, Department of Finance and Administration filed a responsive pleading.  As a result, Home Point filed affidavits in support of the default of Tamra Hixon, Dallas Nichols, and the State of Arkansas, Office of Child Support Enforcement.[1]

---

[1] The Arkansas Office of Child Support Enforcement is a department within the Arkansas Department of Finance and Administration.  Ark. Code Ann. § 25-8-107.  Naming both that Office and the Department of Finance and Administration is redundant and without legal effect.  They are the same party, and the Office of Child Support Enforcement has not defaulted.

9.       On December 13, 2019, before the Clerk entered the default of the defaulting parties

under Federal Rule of Civil Procedure 55(a),[2] Home Point filed its motion for default judgment,

seeking a judicial foreclosure on the Property and a declaration of the priority of competing liens

on the Property.  Home Point named each of the third-party defendants (except Dallas Nichols) as

defendants because they hold, or possibly hold, liens against the Property.  The specifics of those

(potential) liens are described in next two paragraphs.

10.       Tamra Hixon and the State of Arkansas, Office of Child Support Enforcement, are

named as defendants due to a Decree of Divorce between Hixon and Dallas Nichols, entered on

November 6, 2014, in Case No. DR2014-1532-2.  The Decree requires Dallas Nichols to pay

Hixon certain amounts for the support of their minor children.  (Doc. 13, pp. 31-36).  The Decree

was modified on August 13, 2018.  (Doc. 13, pp. 37-40).  Home Point alleges that because the

Mortgage is a purchase money security interest, it has priority over any and all rights held by Hixon

or the Office of Child Support Enforcement in the Property by virtue of any lien due to outstanding

child support obligations.

11.       Home Point names the Arkansas Department of Finance and Administration as a

defendant due to a Certificate of Indebtedness against both Sharon and Dallas Nichols.  (Doc. 13,

p. 41).  This certificate appears to have been filed in accordance with Arkansas law with the Circuit

Clerk and Ex-Officio Recorder for Washington County, Arkansas as Instrument Number L141-

00000642.  (*Id.*).  Home Point alleges that because the Mortgage is a purchase money security

interest and was filed on December 6, 2018, it has priority over any and all rights held by the

---

[2] The Clerk's delay in entering default following the filing of affidavits on December 2, 2019 resulted from Home Point's confusing decision to seek default against the Office of Child Support Enforcement, which (as the Court explains in the previous footnote) is an answering party. The Clerk's office sought guidance from the undersigned, but the instant motion was filed before that issue could be properly clarified on the docket.

Arkansas Department of Finance and Administration by virtue of this certificate.

12.     With respect to these allegations against Tamra Hixon and the two Arkansas state agencies, service on each party was in accordance with Rule 4 of the Arkansas Rules of Civil Procedure.  Each party had actual notice of these proceedings and only the Arkansas Department of Finance and Administration entered an appearance.

13.     Home Point alleges its lien on the Property has priority over these potentially competing liens because the Mortgage is a purchase money security interest.  Though no party objected to this representation, the Court has an independent obligation to ensure the unchallenged facts constitute a legitimate cause of action before entering a final judgment.  *Marshall v. Baggett*, 616 F.3d 849, 852-53 (8th Cir. 2010).

> It is a general rule, to which there is little dissent, that a mortgage on land executed by the purchaser of the land contemporaneously with the acquirement of the legal title thereto, or afterwards, but as a part of the same transaction, is a purchase money mortgage, and entitled to preference as such over all other claims or liens arising through the mortgagor, though they are prior in point of time . . . .

*Garrett Tire Ctr., Inc. v. Herbaugh*, 740 S.W.2d 612, 613 (Ark. 1987) (quoting *Faulkner Cty. Bank & Tr. Co. v. Vail*, 293 S.W. 40 (Ark. 1927)).  Here, both the Mortgage and the deed were part of the same transaction and were filed with the Circuit Clerk and Ex-Officio Recorder for Washington County, Arkansas on July 25, 2016.  Thus, the Court finds that Home Point holds a purchase money mortgage having priority over all other liens held by Tamra Hixon, the Arkansas Department of Child Support Enforcement, and the Arkansas Department of Finance and Administration, including any lien that may have attached prior to the recording of the Mortgage and deed.[3]  Home

---

[3] Although there is no allegation that Dallas Nichols is in arrears and no allegation that a lien for child support exists, the Court speculates such a lien may exist.  Sharon Nichols testified that she has been unable to sell the property via private sale due in large part to the debts owed by Dallas Nichols. (Doc. 37).  Because Sharon and Home Point appear to have been working together toward resolution by private sale, it is likely Home Point named Tamra Hixon and the Office of Child Support Enforcement as defendants here because Home Point knows of an outstanding lien.

5

Point's allegations of priority have a legally sufficient basis.

14.    However, on March 5, 2020, the Court identified an issue causing it to question whether Home Point was entitled to a favorable judgment.  In her complaint, Sharon Nichols alleged she attempted to assume payments on the Mortgage to cure Dallas Nichols's default and, according to her complaint, Home Point refused to accept payment.  Sharon Nichols had every right to cure the Mortgage pursuant to Ark. Code Ann. § 18-50-114(a)(1), which allows a mortgagor to cure a defaulting mortgage by paying the entire amount of past-due payments, late fees, and costs and expenses.  *Lambert v. Finstar Bank, N.A.*, 127 S.W.3d 523, 528 (Ark. App. 2003).  Unsure as to whether Sharon Nichols still intended to cure the outstanding debt on the Mortgage and whether Home Point acted contrary to clear Arkansas law and prevented her from doing so—a necessary finding before entering judgment in Home Point's favor—the Court directed Home Point to demonstrate whether it complied with Ark. Code Ann. § 18-50-114(a).

15.    On April 17, 2020, Timothy F. Watson, Jr. filed an affidavit signed by Sharon Nichols affirming that she no longer wished to cure the default.  (Doc. 37).  Though this affidavit does not render lawful Home Point's alleged prior refusal to allow cure, it moots the issue of Home Point's noncompliance with Ark. Code Ann. § 18-50-114(a).

Based on these facts, the Court will GRANT IN PART the motion for entry of default and default judgment, and enter an order consistent with the terms of the parties' proposed consent order, but will direct supplemental briefing on outstanding fees and costs before entering a final judgment.

**IT IS HEREBY ORDERED AND DECREED** that:

1.    Defendant Home Point's motion (Doc. 28) for entry of default and default judgment as to Tamra Hixon, Dallas Nichols, and the State of Arkansas, Office of Child Support

Enforcement is GRANTED IN PART.  The Clerk is directed to enter the default of Tamra Hixon and Dallas Nichols, and judgment will be entered against them.  The motion is DENIED IN PART, in that the Clerk will not enter the default of the State of Arkansas, Office of Child Support Enforcement for the reasons set forth in this order.

IT IS FURTHER ORDERED that, consistent with the terms of the consent decree jointly submitted by Home Point, Sharon Nichols, and State of Arkansas, Department of Finance and Administration, Home Point will be granted judgment in personam against the Third-Party Defendant Dallas Nichols, and judgment in rem against the Property for $132,697.76, jointly and severally, in connection with the amount due under the Note, plus pre-judgment interest from May 1, 2018 until the date of the judgment at the rate of 3.625% per annum, post-judgement interest at the statutory rate at the time the judgment is entered, plus reasonable attorney's fees and costs.

2.      Home Point seeks other specific damages, including $11,600.00 in attorney's fees, $5,996.81 in various costs, and $4,950.86 as a "recoverable balance."  Though these figures appear to be reasonable and recoverable under the Mortgage (except for the mysterious "recoverable balance"), Home Point provides no support for these figures, leaving the Court to speculate whether the amounts requested are in fact reasonable (and to further question whether it has any legal authority to impose cost merely described as "recoverable balance").  Home Point is ORDERED to file a motion for court costs and attorney's fees on or before **July 3, 2020**.  The motion should include a sufficient basis for the Court to determine whether the requested fees are reasonable and should also include an accounting of any costs actually incurred by Home Point while collecting, securing, or attempting to collect or secure the Note.  Additionally, with respect to the "recoverable balance," Home Point must also demonstrate recovery is allowed by law,

whether that be by statute or agreement.  Attorney's fees and costs are recoverable under the Mortgage, so Home Point need only show that those amounts are reasonable. Following a determination of the reasonableness and amount of the costs and fees to be awarded in connection with the judgment, a separate judgment will be entered.

3.      By virtue of this order and the forthcoming judgment, Home Point holds a first priority lien on the subject property.  The lien is prior and paramount to any right, title, claim, interest, or equity of Sharon Nichols, Dallas Nichols, Tamra Hixon, the Arkansas Department of Finance and Administration, and the Arkansas Department of Child Support Enforcement, or any other person claiming any title, claim, interest, equity in the subject property.

4.      If the awarded sums are not paid within fourteen days of the date the judgment is entered, the Commissioner of the Circuit Court of Washington County, Arkansas is appointed for the purpose of convening a foreclosure sale to sell the property located at 1198 S. Spritz Drive, Fayetteville, AR, 72701.

5.      If appointed as stated above, the Commissioner is to designate a door or place for the sale of the Property and advertise the time, terms, and place of sale by publication in a newspaper published and having a general circulation in the Washington County, Arkansas at least one time at least ten days prior to the date of sale.  After such advertisement, the Commissioner is to sell the Property at a designated place at public auction to the highest bidder on a credit of three months following the date of sale.  The purchaser of the Property on the date of sale is required to pay the full purchase price or ten percent (10%) of the purchase price, which is non-refundable, and execute a bond with approved surety to assure the payment of the purchase price plus interest at the rate provided by the loan documents or ten percent (10%) per annum, whichever is greater; however, said rate is to be no more than the Federal Reserve Discount Rate (or other applicable

8

rate) plus five percent (5%) from date of sale until paid, and a lien is to be retained as additional security for the payment of such purchase price plus accrued interest.

6.      If Home Point is the purchaser at such sale for an amount not in excess of the judgment awarded in this case, in lieu of giving bond, Home Point may credit the amount of its bid, less costs and fees payable to either the Commissioner or Washington County, toward its judgment at the time of confirmation of such sale, which credit is to be an extinguishment of the judgment but only to the extent of such credit; and provided further, that if the amount bid by Home Point exceeds the amount of the judgment awarded in this case, bond is required only for the excess.  Any successful bidder will be responsible, if required by law, for all revenue transfer stamps for the Commissioner's deed.  Should any successful bidder fail to perform under the instructions of the Commissioner at the time of sale, then that bid will be void and set aside.  The Commissioner thereafter is to award the subject property to the next successive highest bidder, until performance is rendered.

7.      If money in excess of the judgment to be awarded is received as a result of a Commissioner's sale, the excess is to be deposited and held in the registry of this Court, to be distributed pursuant to further orders of this Court.

8.      In the event the judgment awarded is not paid as directed and the subject property is sold by the Commissioner at a foreclosure sale, upon application to the Clerk of this Court by the successful foreclosure sale purchaser or purchaser's attorney showing that possession of the Property has been withheld from such purchaser, the Clerk will issue and deliver to the Sheriff of Washington County a Writ of Assistance directing the Sheriff to place such purchaser in immediate possession.

9.      Home Point must provide the Court with a report confirming the judicial sale of the real properties at issue, as well as an accounting of the final disposition of the proceeds of any sale/foreclosure.  The Court retains jurisdiction to carry out and enforce the above findings and directives.

**IT IS SO ORDERED** this 19th day of June, 2020.

*/s/ P. K. Holmes,* III

P. K. HOLMES, III
U.S. DISTRICT JUDGE