UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHARON NICHOLS                      PLAINTIFF/COUNTER DEFENDANT

v.                      No. 5:19-cv-05048

HOME POINT FINANCIAL CORP.        DEFENDANT/COUNTER CLAIMANT/
                                                                THIRD-PARTY PLAINTIFF

v.

TAMRA HIXON, et al.                        THIRD-PARTY DEFENDANTS

**OPINION AND ORDER**

Before the Court is Home Point Financial Corp.'s ("Home Point") motion (Doc. 43) for attorney's fees and costs. No response has been filed and no response is expected. Home Point's motion seeks $16,147.00 in attorney's fees, $1,224.97 in costs, $167.66 in MIP/PMI expenses, $175.28 in late charges, $7,469.32 in an outstanding escrow balance, additional unidentified fees in the amount of $20.00, and a recoverable balance in the amount of $3,638.89. (Doc. 43, pp. 3-4).

The Court must first determine what fees and costs are recoverable by Home Point, if any. Whether fees and costs are available is governed by Arkansas law pursuant to the parties' agreement. (Doc. 13, p. 21). Under Arkansas law, a court may award attorney's fees only when they are expressly provided for by statute or rule. *Hudson v. Hilo*, 198 S.W.3d 569, 573 (Ark. App. 2004). Arkansas Code Annotated § 16-22-308 provides:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

Ark. Code Ann. § 16-22-308. As Home Point correctly points out, this statute allows the prevailing

party in a foreclosure action to recover their attorney's fees. *Hudson*, 198 S.W.3d at 573. There is little doubt Home Point is the "prevailing party" in this foreclosure action by virtue of the Court's opinion and order (Doc. 38) granting in part Home Point's motion for default judgment. Home Point may be allowed attorney's fees unless otherwise prohibited by the contract at issue. Ark. Code Ann. § 16-22-308.

The loan agreement between Dallas Nichols and Home Point (by virtue of assignment from Mortgage Electronic Registration Systems, Inc.) provides "[Home Point] is entitled to collect all expenses incurred in pursuing the remedies provided in [the Acceleration; Remedies section of the agreement], including, but not limited to, reasonable attorneys' fees and costs of title evidence." (Doc. 13, p. 23). The Acceleration; Remedies section also allows Home Point to "charge Borrower fees for service performed in connection with Borrower's default . . . including but not limited to attorneys' fees, property inspection and valuation fees." (*Id.*). The contract therefore allows Home Point to collect its attorney's fees and costs, including but not limited to costs of title evidence and fees for property inspection and valuation. The Court finds Home Point may recover these fees and costs.

The Court must next determine whether Home Point's requested attorney's fees are "reasonable." *See* Ark. Code Ann. § 16-22-308 (providing that a prevailing party may be allowed a "reasonable attorney's fee"). In determining whether a requested fee is reasonable, this Court is guided by the principles articulated by the Arkansas Supreme Court in *Chrisco v. Sun Indus.*, 800 S.W.2d 717 (Ark. 1990). In *Chrisco*, the court stated that

> [C]ourts should be guided by recognized factors in making their decision, including the experience and ability of the attorney, the time and labor required to perform the legal service properly, the amount involved in the case and the results obtained, the novelty and difficulty of the issues involved in the case, the fee customarily charged in the locality for similar legal services, whether the fee is fixed or contingent, the time limitations imposed upon the client or by the circumstances,

>and the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

*Id.* at 718. Courts routinely emphasize that this standard is a flexible one, and although "courts should be guided by [these] factors, there is no fixed formula." *Phelps v. U.S. Credit Life Ins. Co.*, 10 S.W.3d 854, 856 (Ark. 2000). Rather, the trial court maintains discretion in assessing the applicable factors in determining a fee's reasonableness "[b]ecause of its intimate acquaintance with the record and the quality of the service rendered." *Id.*

This case was a run-of-the-mill foreclosure (or would have been, but for Home Point's decision to remove to federal court, which gave rise to various issues that otherwise would have needed no resolution). Home Point filed an answer and counterclaim, and a motion for default judgment. Other than the motion for default judgment, there was no motion practice, and it appears the parties settled this case approximately three months after Home Point filed its counterclaim. The Court does not believe that a straightforward foreclosure justifies over $15,000 in attorney's fees, and Home Point's briefing fails to provide any factual basis to justify fees in that amount. The only paragraph Home Point devotes to the reasonableness of its requested fees notes that the rates of $175.00 per hour for attorneys and $85.00 per hour for paralegals are reasonable based on a similar Arkansas case. The Court agrees these rates are reasonable in light of customary fees in Arkansas breach of contract cases. However, Home Point's brief contains no additional factual arguments that the amount of time expended on this case was reasonable. Rather, the brief simply concludes the time spent defending and prosecuting its claims "are reasonable in similar matters." (Doc. 43, p. 6). The affidavit in support of the motion for fees similarly includes nothing but legal conclusions.

After considering the factors outlined in *Chrisco,* the Court finds that attorney's fees in the amount of $7,500 are reasonable in this case. Emily Reynolds's affidavit represents attorneys

3

spent 77.71 hours on litigation and paralegals spent approximately 30 hours. Assuming attorneys spent 2.5 more hours working on this case than did paralegals, and using the rates described above, an award of $7,500 in attorney's fees would reflect 35 hours of work by attorneys, and 15 hours of work by paralegals. In the Court's view, these amounts accurately reflect the amount of time and labor required to perform legal services on an uncontested foreclosure that resulted in default judgment for attorneys of this experience and ability. The issues in this case were neither novel nor complex (except where Home Point's litigation strategy needlessly made them so), and the fee is reasonable considering fees customarily charged in Arkansas for an uncontested foreclosure. Home Point will be awarded $7,500 in attorney's fees.

Home Point's request for $167.66 in MIP/PMI expenses, $175.28 in late charges, and $7,469.32 in an outstanding escrow balance appear reasonable and based upon the facts in this case. (Doc. 43, p. 75). Those costs will be awarded. Home Point also requests $1,224.97 in costs, but Ms. Reynolds affidavit does not justify these costs.

Finally, the Court denies in part Home Point's request for $3,638.89 associated with a recoverable balance. The recoverable balance includes $690 for property preservation, $380 for property inspection, and $2,568.89 in non-judicial foreclosure attorney costs and fees. The Court rejects outright Home Point's request for additional attorney's fees and costs that have even less factual support than those requested in Home Point's brief. However, any costs associated with property preservation and inspection fall under the terms of the parties' agreement. Home Point is awarded $690 for property preservation costs and $380 for property inspection costs.

IT IS THEREFORE ORDERED that Home Point's motion (Doc. 43) for attorney's fees and costs is GRANTED in part and the Court will award $7,500 in attorney's fees, $167.66 for MIP/PMI expenses, $175.28 in late charges, $7,469.32 in an outstanding escrow balance, $690 for

property preservation costs, and $380 for property inspection costs. Judgment will be entered separately. Prejudgment interest of $10,823 will be awarded, having accrued at a rate of 3.625% per annum as agreed by the parties on the $132,697.76 that is the measure of damages determinable immediately after the loss for the mortgage default. *Wooten v. McClendon*, 272 Ark. 61, 62–63 (Ark. 1981); *see also* Ark. Code Ann. § 4-57-101. No additional fees or costs will thereafter be taxed under Federal Rule of Civil Procedure 54.

　　　　IT IS SO ORDERED this 21st day of July, 2020.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ P. K. Holmes, III
　　　　　　　　　　　　　　　　　　　　　　　　P.K. HOLMES, III
　　　　　　　　　　　　　　　　　　　　　　　　U.S. DISTRICT JUDGE